Alice M. Morris v. Commissioner. Bert M. Morris v. Commissioner.
Morris v. Commissioner
Docket Nos. 15035, 15036.
United States Tax Court
1949 Tax Ct. Memo LEXIS 296; 8 T.C.M. (CCH) 18; T.C.M. (RIA) 49003; January 12, 1949
*296 Where petitioners, husband and wife, as individuals and as trustees for two minor children under a declaration of trust formed an alleged partnership re-allocating their interests in certain property by which each of the children was given a 15 per cent interest but the children rendered no services and contributed no capital originating with themselves, held, the partnership will not be recognized for income tax purposes. Alice M. Morris, pro se. E. A. Tonjes, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion VAN FOSSAN, Judge: Respondent determined deficiencies in income and victory taxes of petitioners as follows: Docket No.
Name
Year
Amount
15035
Alice M. Morris
1943
$15,179.22
1944
44,054.59
15036
Bert M. Morris
1943
15,673.88
1944
44,270.09
The sole error alleged is a refusal of respondent to recognize an alleged partnership, consisting of petitioners, as individuals, and the same persons as trustees for their two minor children, and doing business under the name of Bert M. Morris Company. Findings of Fact Petitioners are husband and wife who were married in June, 1927. Bert *297 M. Morris had been previously married and had two children by such marriage. At the time of the marriage of petitioners, Bert M. Morris' children were but six or seven years younger than Alice M. Morris. Petitioners in July, 1928, entered into an agreement between themselves for carrying on the business of representing Eastern manufacturers of stationery lines and related items in Los Angeles, California. Both were active in the business, Bert M. Morris being engaged as a salesman and Alice M. Morris as the office manager. The business was transacted under the name of Bert M. Morris Company. In July, 1933, petitioners' first baby, Gloria June, was born, the second, Virginia Lou, being born aproximately two years later. As of January 1, 1943, petitioners entered into an agreement styled "Declaration of Trust", in which they were named as trustors and also as trustees for the benefit of their two minor children, aged 10 and 8 years, respectively. The trust recited that "it is the desire of said Trustors to protect and safeguard the financial future security of said Beneficiaries until they reach the ages of 27 and 25 years, respectively." The agreement further recited that the *298 trustors owned, operated and conducted a certain business in Los Angeles under the name of Bert M. Morris Company, which business was that of manufacturing fountain pen sets and other office supplies. It was recited that simultaneously with the execution of the declaration of trust the trustors, as trustees for the beneficiaries, had entered into an agreement of partnership in writing setting forth the partnership interests in Bert M. Morris Company as follows: each of the trustors, individually, 35 per cent and each of the beneficiaries 15 per cent. The trustors were to hold and manage the partnership interests of the beneficiaries until the beneficiaries reached the ages of 27 and 25 years, respectively. The trust agreement also contained the following provisions: "The Trustor, Bert M. Morris, shall retain, during his life, the management of said Bert M. Morris Company. Should he predecease said Trustor, Alice M. Morris, then the sole and exclusive management of said business of said Bert M. Morris Company shall vest in said Trustor, Alice M. Morris. * * * "The Beneficiaries shall live with the Trustors until either marries, and in the event that the Beneficiaries, or either *299 of them, remove from the home of the Trustors before said marriage, without the consent of the Trustors or the Trustor, as the case may be, the interest of said Beneficiary so removing from said home without the said consent shall cease and terminate and her interest in the trust estate shall forthwith vest in the other Beneficiary, and in the event of the removal by both of said Beneficiaries from the home of the Trustors or Trustor, as the case may be, before marriage, without said consent, the interest of both Beneficiaries in said trust estate shall cease and terminate. "There shall be paid to each of said Beneficiaries from said business of said Bert M. Morris Company the sum of $50.00 a month, unless, in the opinion of the Trustees or Trustee, as the case may be, the needs and educational requirements of said Beneficiaries, or either of them, shall justify the payment of a larger sum. Then, and in that event, said sum shall be increased, as, in the discretion of said Trustees or Trustee, may be necessary. "The share of the net profits of said beneficiaries in said Bert M. Morris Company after the payment of the monthly sums in the foregoing paragraph mentioned shall accumulate *300 and become part of the corpus of the trust estate. "In the event of the death of either of the Beneficiaries before arriving at the age hereinabove designated, then, and in that event, the interest of said deceased Beneficiary in the corpus of the trust estate shall vest in the surviving Beneficiary, and the income from the trust estate hereinabove declared for both Beneficiaries shall be paid to the surviving Beneficiary. * * *
"Should the Beneficiaries, or either of them, die without children prior to the decease of both of said Trustors, and before the termination of this trust, then, and in that event, the trust estate of such deceased Beneficiary shall vest in the heirs of said deceased Beneficiary, share and share alike in accordance with the Laws of Succession of the State of California. * * *
"It is the intention of the Trustors to include herein as part of the trust any real or personal property not hereinabove specifically mentioned, and owned in community or separately by the Trustors or in joint tenancy by the Trustors, but nothing herein contained shall be construed yielding to said Beneficiaries the right of management or control of the trust estate, or *301 any part thereof. * * *
"This trust is irrevocable, except for the reasons hereinabove specifically set forth, but it may be amended by the Trustors jointly, so as to increase the income of the Beneficiaries, as is hereinabove provided." * * *
As of the same date, January 1, 1943, petitioners individually and as trustees for the two minor children, entered into an agreement styled "Articles of Co-Partnership" which reads, in part, as follows: "THESE ARTICLES OF CO-PARTNERSHIP made and entered into this 1st day of January, 1943, by and between Bert M. Morris and Alice M. Morris, individually, and Bert M. Morris and Alice M. Morris, as Trustees for Gloria June Morris and Virginia Lou Morris, minors, all of the County of Los Angeles, State of California. "The parties above named have agreed, and by these presents do agree to become co-partners in business together under and by the fictitious firm name and style of Bert M. Morris Company, in the business of manufacturing and selling at wholesale fountain pen sets generally known as Morris sets and other articles of plastic, and to occupy the premises at No. 1015 La Cienega Boulevard, City of Los Angeles, County of Los *302 Angeles, State of California; the co-partnership to commence on the 1st day of January, 1943, and to continue indefinitely, or until the contingencies hereinafter specified shall happen. "It is agreed by and between said parties hereto that said Bert M. Morris and said Alice M. Morris have heretofore been, and are now engaged in business in the City of Los Angeles under the fictitious firm name and style of Bert M. Morris Company, which business is the successor of a corporation also known as Bert M. Morris Company, and in which corporation said Bert M. Morris and said Alice M. Morris were the sole shareholders, and which corporation was duly dissolved by law. "It is also agreed that the assets of said business of said Bert M. Morris Company are the community property of said Bert M. Morris and said Alice M. Morris, which business has succeeded and prospered by and through the efforts of said Bert M. Morris and said Alice M. Morris. "It is also agreed that said Gloria June Morris and Virginia Lou Morris, now aged 10 and 8 years, respectively, are the children of said Bert M. Morris and said Alice M. Morris, and that simultaneously with the execution of these Articles of Co-Partnership, *303 said Bert M. Morris and said Alice M. Morris have executed a Declaration of Trust wherein and whereby they are the Trustors and Trustees for said Gloria June Morris and Virginia Lou Morris, as Beneficiaries; and it is provided in said Declaration of Trust that this co-partnership shall be created, and that the financial interests of the parties hereto shall be, and are hereby fixed as follows: Bert M. Morris, 35%, Alice M. Morris, 35%, Gloria June Morris, 15%, and Virginia Lou Morris, 15%. * * *
"It is agreed that the co-partnership shall continue in the event of the death of either said Gloria June Morris or said Virginia Lou Morris, should they predecease said Bert M. Morris, and/or Alice M. Morris. In such event, the interests or interest of said Gloria June Morris and/or Virginia Lou Morris shall revert to said Bert M. Morris and/or Alice M. Morris, should said Gloria June Morris and/or Virginia Lou Morris die without children. Should said Gloria June Morris and/or Virginia Lou Morris predecease said Bert M. Morris and/or Alice M. Morris and leave children, then, and in that event, the interests of said Gloria June Morris and/or Virginia Lou Morris in and to said co-partnership *304 shall vest automatically in their said children, share and share alike, in accordance with the provisions of said Declaration of Trust hereinabove referred to. * * *
"There shall be kept at all times during the continuance of said co-partnership on the premises of said Bert M. Morris Company perfect, just and correct books of account wherein the said interests of said co-partners shall be entered and set down, as well as all money received by them, or either of them, or paid out and expended in and about said business, as well as an inventory of all goods, wares and merchandise bought or sold by said co-partnership. * * *
"No funds shall be drawn from the business of said co-partnership for the accommodation of the personal use of said co-partners, or either of them, but they shall each have a salary as follows: Bert M. Morris, $207.69 per week, Alice M. Morris, $115.38 per week. There shall also be paid from the funds of said business of said co-partnership to said Trustees for said Beneficiaries the sum $50.00 per month until said Trustees, or either of them, as the case may be, shall determine that the business of said copartnership warrants the payment of a larger *305 monthly sum for each of said Beneficiaries, and in that event, the same shall be paid. * * *
"In order to establish the present net worth of said co-partnership, it is agreed that the net value of its assets is as follows: "Real Property
$14,748.63
"Personal Property
25,251.37
"Total
$40,000.00
"Upon the execution of these Articles of Co-Partnership, a certificate of doing business as a fictitious co-partnership shall be filed and published in accordance with Sections 2466 and 2468 of the Civil Code of the State of California." * * *
Gift tax returns were filed covering the property transferred to the trust. Previous to 1943, no partnership returns were ever filed. Beginning with 1943 partnership returns were filed which showed the partners in the firm of Bert M. Morris Company to be: Bert M. Morris, Alice M. Morris, Gloria June Morris and Virginia Lou Morris. Individual income tax returns were also filed for Gloria June and Virginia Lou Morris for the years 1943 and 1944. Notice of the formation of the partnership was given in a local newspaper. As of January 1, 1943, an accountant employed by petitioners set up partnership books to reflect *306 the partnership as created by the above referred to agreement. No books were ever set up for the trustees, as such, and no records other than check stubs, were ever kept by the trustees of the beneficiaries' interests. The partnership books contain capital accounts of the four alleged partners. Profits of the business were distributed periodically and credited to the appropriate accounts. Withdrawals were likewise charged to the appropriate accounts. Checks were drawn and appropriately endorsed for deposit in the beneficiaries' accounts. Savings accounts were opened in the names of the beneficiaries and later checking accounts were also carried. At various times the trustees withdrew money from the beneficiary accounts for the purpose of investment in real estate or other property. Petitioners, Bert M. Morris and Alice M. Morris, continued at all times during the taxable years to be actively engaged in the operation and management of the business of Bert M. Morris Company. The children rendered no services and contributed no capital originating with them to the business. Respondent held: "The family partnership of Bert M. Morris Company is held to be ineffective for income *307 tax purposes and the income reported in the returns of the said partnership for the years 1943 and 1944 is held to be the community property of you [Alice M. Morris] and your husband, Bert M. Morris." Opinion The facts set out above clearly bring the instant cases within the rulings of the Supreme Court in Commissioner v. Tower, 327 U.S. 280, and Lusthaus v. Commissioner, 327 U.S. 293, and a large list of decisions of the Circuit Courts of Appeals and The Tax Court. As stated by the Circuit Court of Appeals for the Fourth Circuit in Euterpe Economos v. Commissioner, 167 Fed. (2d) 165: "These circumstances disclose an arrangement which, whether or not designed to evade income taxes, would result in a reduction of the taxpayer's taxable income if, as the taxpayer contends, the income of the business should be divided between the partners and accounted for separately under 26 U.S.C.A. §§ 181, 182. We think, however, that the arrangement cannot be given this effect under the rulings of the Supreme Court and of the Court of Appeals of this and other circuits in cases which differ in no material respects from the case *308 at bar. A gift of an interest in a family business, whether absolute or in trust, which makes no real change in the economic situation of the group or in the control or management of the business will not reduce the obligations of the donor to account for and pay income tax on the earnings of the enterprise to the same extent as before the gift was made For example, if a husband who has the management, control and ownership of a business transfers an interest therein to his wife, and then enters into a partnership agreement with her, under which each contributes his interest to the capital, and thereafter the husband continues to manage and control the business and the wife renders no services thereto and withdraws from the income credited to her on the partnership books only for the purpose of acquiring the type of things she bought for herself and family before the partnership was formed, under such circumstances the Tax Court has substantial ground for the holding that there was no reality to the partnership so far as the federal income tax law is concerned, and that the gains from the business were taxable to the husband as income earned by him; and this would be so whether or *309 not the state law would recognize the validity of the transfer." So here there was no real change in the economic situation of the group or in the control or management of the business. The children contributed to the business neither capital originating with themselves nor any service. The sole effect of the trust and partnership arrangement was a reallocation of the capital and income within the family. See Helvering v. Clifford, 309 U.S. 331; Dawson v. Commissioner, 163 Fed. (2d) 664; Kohl v. Commissioner, 170 Fed. (2d) 531; Wade E. Moore, 7 T.C. 1250, 1269, and Samuel Friedman, 10 T.C. 1145, 1154. The fact that petitioners were both grantors of the trust and also the trustees serves to weaken rather than to strengthen taxpayers' position Nor is it controlling that the grantors of the trust gave no thought to tax consequences but were concerned solely with the financial security of the children. We are now confronted by the tax consequences and find the consequent results to have been plainly indicated in the decided cases. Decisions will be entered for the respondent.